**PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4598

———

SVEN ALI KUHNLE, Successor Trustee of the Patricia A.
Dresch Living Trust,

                *Appellant*

v.

PRUDENTIAL SECURITIES, INC.;
GE LIFE AND ANNUITY ASSURANCE COMPANY;
SANDRO J. FRANCANI

                *Appellees*

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-00228)
District Judge: Honorable Sean J. McLaughlin

———

Argued January 18, 2006

Before: ROTH, FUENTES, and BECKER, *Circuit Judges*.

(Filed March 9 2006)

PERCY L. ISGITT (Argued)
Isgitt & Associates
4801 Woodway
Suite 222E
Houston, TX 77056
   *Attorney for Appellant*

NICHOLAS P. VARI (Argued)
ERIC R.I. COTTLE
Kirkpatrick & Lockhart Nicholson Graham
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
   *Attorneys for Appellees Prudential Securities, Inc. and Sandro J. Francani*

ROGER H. TAFT (Argued)
MacDonald, Illig, Jones & Britton
100 State Street
Suite 700
Erie, PA 16507
   *Attorney for Appellee GE Life and Annuity Assurance Company*

---

OPINION OF THE COURT

---

BECKER, *Circuit Judge*.

2

Sven Ali Kuhnle appeals the District Court's grant of summary judgment against him in his claim against Prudential Securities, GE Life and Annuity Assurance, and Sandro J. Francani to recover payment on a life insurance policy. This appeal presents the question whether, under Pennsylvania law, a plaintiff may file a second action after his nearly identical action has been dismissed with prejudice by a judgment of non pros. We conclude that where there has been a finding of prejudice, and the case is dismissed with prejudice in a well-considered judicial order, such a decision is "on the merits" and a subsequent action is barred. Because Kuhnle's case falls under this rule, we will affirm the judgment of the District Court.

I.

The facts are quite sad. In 1994, Patricia Dresch took out a $1,000,000 life insurance policy from a company that later became GE Life and Annuity Assurance Company ("GE Life"). The policy required that a premium payment be made each year. The payments appear to have been timely made until the 2000 payment became due. At that point, Dresch was

in poor health – she was declared incompetent on or about December 16, 2000 and passed away on January 11, 2001.

On January 4, 2001, the original trustee of the Patricia A. Dresch Living Trust, along with Dresch's daughter, attempted to discover the status of the life insurance policy. They discussed the matter with Sandro Francani, an advisor and broker for Prudential Securities who had provided financial planning and advice to Mrs. Dresch. Francani stated that he could not determine whether the premium had been paid. However, on January 12, 2001, Francani learned that the insurance policy had lapsed on January 4, 2001 due to non-payment. Therefore, no death benefit was paid. It has been alleged that Francani agreed to monitor the policy but failed to do so.

Sven Ali Kuhnle is the Plaintiff in this case – and Successor Trustee of the Patricia A. Dresch Living Trust. The Defendants are Prudential Securities ("Prudential"), GE Life, and Francani. The first action against the Defendants was filed on March 26, 2002, in the Court of Common Pleas of Erie County, Pennsylvania. No measures were taken to

advance the lawsuit for some time.

Petitions for a judgment of non pros were then filed. Information about the Defendants' petitions and a court order to show cause why the petitions should not be granted were forwarded to Kuhnle's attorney. The Court of Common Pleas considered the matter and, on November 10, 2003, entered a judgment of non pros. The Court dismissed the action with prejudice, stating that the Plaintiff "failed to exercise due diligence in proceeding with reasonable promptitude, that Plaintiff ha[d] no compelling reason for the delay, and that Defendants ha[d] suffered actual prejudice." The Court noted that a crucial witness had left the jurisdiction and that at least one Defendant had suffered prejudice to his reputation. Several months later, the Court denied a petition, made on behalf of Kuhnle, to strike the judgment of non pros. The Court did so in a lengthy opinion after briefing by the parties.

On October 31, 2003, the same day as the scheduled hearing on the petitions for non pros, Kuhnle filed a nearly identical lawsuit in the District Court of Harris County, Texas. The case, however, was removed to federal court and

transferred to the District Court for the Western District of Pennsylvania. The Defendants moved for summary judgment on the grounds that the second suit was barred by res judicata or by the order denying the petition to open the judgment of non pros.

The District Court granted the Defendants' summary judgment motions, applying the case of *Schuylkill Navy v. Langbord*, 728 A.2d 964 (Pa. Super. 1999), and determining that Pennsylvania law does not allow a litigant "to do an end run around a judgment of non pros simply by filing another complaint." Kuhnle appeals, claiming that his second suit should have been permitted because the judgment of non pros entered by the Court of Common Pleas of Erie County was not a judgment "on the merits." We disagree and find that the second suit is indeed barred by res judicata or claim preclusion.

II.

We find a series of Pennsylvania cases and a Third Circuit case dispositive. In *Gates v. Servicemaster Commercial Service*, 631 A.2d 677, 679 (Pa. Super. Ct.

1993), a motion for a judgment of non pros was entered after the defendant argued that the "plaintiff had failed to prosecute her cause with reasonable diligence." *Id.* at 679. A petition to open the judgment was denied and the Superior Court held that a second and nearly identical action could not be filed unless the plaintiff successfully petitioned the court to open the judgment of non pros. *Id.* at 680, 682. The rationale of *Gates* was reinforced in *Schuylkill Navy v. Langbord*. *See* 728 A.2d at 969. There the Superior Court held that "where a cause of action is subject to a judgment of *non pros*, a subsequent complaint on the same cause of action may not be filed without permission of the court pursuant to Pennsylvania Rules of Civil Procedure Rule 3051."[1] *Id.* at

---

[1]That rule states:

> Rule 3051. Relief from Judgment of Non Pros
>
> (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>   (1) the petition is timely filed,
>   (2) there is a reasonable explanation or

965.

*McCarter v. Mitcham*, 883 F.2d 196 (3d Cir. 1989), decided prior to *Gates* and *Schuylkill Navy*, is also relevant here. In *McCarter*, the plaintiffs' state court action was dismissed with prejudice because the complaint was not filed within the time limit set by the court. *Id.* at 198. The plaintiffs subsequently filed a nearly identical complaint in the District Court for the Western District of Pennsylvania. The district court granted the defendants' motion to dismiss on the grounds that the claims were barred by res judicata. *Id.* at 198. This Court affirmed.

We noted that for litigation to be barred by res judicata, the prior determination must be "on the merits." *Id.* at 199. We found that the order to dismiss with prejudice "was an order 'on the merits' within the meaning set forth by the Pennsylvania courts." *Id.* at 200. Although we first stated that "[w]here the prior dismissal was based on a judgment of

---

    legitimate excuse for the
      inactivity or delay, and
      (3) there is a meritorious cause of action.

Pa. R.C.P. No. 3051.

non pros, Pennsylvania courts will not give preclusive effect to the judgment," *id.* at 199, we went on to opine that the Pennsylvania courts interpret the phrase "on the merits" expansively. *Id.* at 200. We reasoned that the dismissal before the Court, made *with prejudice*, was in fact on the merits because the dismissal was a "sanction for . . . untoward delay." *Id.* at 201. We also noted it to be of significance that the dismissal was not entered automatically by the Prothonotary, but rather was issued by the court with a well-considered order.[2] *Id.* at 200.

We conclude that *Gates*, *Schuylkill Navy*, and *McCarter* support the conclusion that Kuhnle's second action is barred under Pennsylvania law. Specifically, we note two important factors. First, the initial action was dismissed by the Court of Common Pleas *with prejudice*. Even *Helfrick v. UPMC Shadyside Hospital*, 65 Pa. D. & C.4th 420, 437 (Allegheny County, 2003), relied on by Kuhnle, distinguishes cases involving prejudice. Second, we note that this is not a case where the judgment of non pros was entered routinely by

---

[2] In Pennsylvania, the Prothonotary is the Clerk of Court.

a Prothonotary. Rather, Judge Anthony of the Court of Common Pleas carefully considered the question before the Court and issued a comprehensive order. He later issued a very lengthy opinion denying Kuhnle's Petition to Open or Strike Judgment. All these factors weigh in favor of a finding that Kuhnle is now barred from filing another suit in a separate jurisdiction.

Kuhnle argues that, even if *Gates* and *Schuylkill Navy* are good law, there are two distinguishing circumstances here: (1) the second suit was filed in a separate jurisdiction than the one where the judgment of non pros was entered; and (2) the second suit was technically filed before the judgment of non pros was entered. We are not persuaded by either argument. It would be pointless to allow a litigant to sidestep a judgment of non pros – and Rule 3051 – by simply filing in another jurisdiction. Also, we note that state court judgments, once rendered, are binding. *See* 28 U.S.C. § 1738.

### III.

This is a sad case. But, given the procedural history, we cannot grant relief under the governing laws. As the

Supreme Court stated more than two hundred years ago: "[M]otives of commiseration, from whatever source they flow, must not mingle in the administration of justice. Judges, in the exercise of their functions, have frequent occasions to exclaim, 'durum valde durum, sed sic lex est.'" *See Penhallow v. Doane's Adm'rs*, 3 U.S. (3 Dall.) 54, 89 (1795) ("Hard very hard, but such is the law.").

   The judgment of the District Court will be affirmed.